UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No: 13-20481
vs                                              Hon. Victoria A. Roberts

DEVENKUMAR C. PATEL,
a/k/a DEVEN PATEL,

       Defendant.
_____/

**OPINION DENYING PATEL'S MOTION FOR POST-CONVICTION RELIEF (Doc. 96)**

Devenkumar C. Patel, ("Patel"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. After entering a guilty plea, Patel was convicted and sentenced for one count of unlawful distribution of a controlled substance, 18 U.S.C. § 842(a), and one count of health care fraud, 18 U.S.C. § 1347.

For the reasons that follow, the petition for writ of habeas corpus is DENIED.

I.      Background

On June 25, 2013, the Government charged Patel, the beneficial owner of Southfield Medical Pharmacy, with unlawful distribution of a controlled substance, and health care fraud. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11"), he entered into a Plea Agreement ("Agreement") [Doc. 53] on both charges. The Agreement contained this narrative of facts:

> "During the period of October 2009 through June 2010, [Petitioner] with indifference to his obligation under the [Controlled Substances Act], allowed Southfield Medical Pharmacy to dispense a specialty compounded topical

1

> cream known as AI Topical Cream which contained
> ketamine, a Schedule 3 controlled substance, without first
> obtaining a valid written or oral prescription from [local
> doctor's] medical office in violation of 18 U.S.C. § 842(a) (1),
> and allowed Southfield Medical Pharmacy to bill and to
> receive reimbursement for these prescription medications
> from health care benefit programs … in violation of 18
> U.S.C. § 1347."

[Doc. 53, Pg 2-3].

Patel tendered a guilty plea to both charges. In his Plea Colloquy ("Colloquy")

[Doc. 73], Patel made the following admissions concerning the distribution charge:

> "Your Honor, I failed to supervise certain employees under
> my control and direct supervision and said employees
> unlawfully distributed and/or dispensed a Schedule III
> controlled substance known as Compounding Topical
> Creme, … which contained Ketamine and this is without a
> valid prescription. Specifically during the period of October,
> 2009 through June, 2010 certain pharmacists working for me
> at the Southfield Medical Pharmacy dispensed AI Topical
> Creme, a Schedule III controlled substance without a valid
> prescription. As the owner and manager of these individuals,
> I should have known of this unlawful activity. For these
> reasons I enter this plea and accept responsibility for my
> actions."

[Doc 73, Pg 13]. Concerning the health care fraud charge, Patel admitted:

> "[D]uring the period October, 2009 through June, 2010
> certain pharmacists working for me at the Southfield Medical
> Pharmacy dispensed AI Topical Creme, a Schedule III
> controlled substance without valid a prescriptions. As
> owner/manager of the business and supervisor of the
> employees, I allowed Southfield Medical Pharmacy to bill
> and receive reimbursement for these prescription
> medications from health care benefit programs, including
> Blue Cross, Medco and CVS."

*Id.* at Pg 14-15. The Court accepted Patel's pleas, convicted him on both charges, and

later sentenced him to seventeen months in prison.

Patel seeks a writ of habeas corpus. He says: (1) his plea was defective because there was no factual basis of the requisite intent for the charges to which he pled; and (2) he was denied effective assistance of counsel because his lawyers gave him erroneous advice concerning intent, which led him to plead guilty to conduct which was not criminal.

II. Standard of Review

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d. 855, 858 (6th Cir. 2005).

III. Analysis

    A. Factual Basis for the Guilty Pleas

Rule 11 states that "before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed Rules Crim. Proc. R. 11(b)(3). Patel argues that his plea was defective because there was no factual basis for it at the time it was entered. The Government contends that the Court has as late as entry of

judgment on a plea to find the requisite factual basis. By Sixth Circuit standards, the Government is correct.

"The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty. … This 'ideal' method is by no means the only method, however. We recognize that the district court may determine the existence of the Rule [11(b)(3)] factual basis from a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." *United States v. Tunning*, 69 F.3d 107, 112, (6th Cir. 1995) (internal quotations and citations omitted). "[W]hen assessing whether a district court determined correctly that there was a factual basis for the plea, pursuant to Rule 11(b)(3), this Court may examine the entire record, including proceedings that occurred *after* the plea colloquy." *United States v. McCreary-Redd*, 475 F.3d 718, 722 n.1 (6th Cir. 2007) (internal quotations and citations omitted). See *United States v. Bennett*, 291 F.3d 888, 896-897, (6th Cir. 2002) and *United States v. Mobley*, 618 F.3d 539, 547-548 (6th Cir. 2010)) (cases where the court considered the probation department's Pre-Sentence Report in determining whether there was sufficient evidence for a factual basis for the defendants' guilty pleas).

In his Reply Brief [Doc. 108], Patel cites to an unpublished case, *United States v. Washpun*, 52 F.3d 327 (6th Cir. 1995), to support his position that the Court must rely only on the record at the time the plea was taken when determining the factual basis for a plea. [Doc 108, Pg 8]. However, this does not reflect the law of the Sixth Circuit: "A sufficient factual basis for [Petitioner's] guilty plea, therefore, must have been present by

4

the time of his sentencing, when judgment was entered, and not, as [Petitioner] contends, at his guilty plea hearing." *Bennett*, 291 F.3d at 894.

"Strong evidence of guilt is not necessary to satisfy" Rule 11(b)(3). *Tunning*, 69 F.3d at 111. All that is necessary is "some evidence that [the] defendant actually committed the offense." *Id.* at 114. As the Government pointed out in its Response to Patel's Motion for Post-Conviction Relief [Doc. 106], the Court considered more than Patel's Agreement and Colloquy before entering judgment. [Doc. 106, Pg 9]. The transcript from the sentencing hearing [Doc. 90] details the evidence that was presented before judgment was entered. Specifically, the Government submitted exhibits to its Sentencing Memorandum which showed that: 1) Patel's pharmacy was dispensing AI Topical Creme to patients without a doctor's prescription [Doc. 90, Pg 14-15]; 2) Patel developed a workplace policy of waiving patient co-pays if patients purchased the creme (*id.* at 16); and 3) Patel developed a practice of having doctors sign prescriptions, on pre-filled out forms, for the creme after it was sold (*id.* at 16). All of this evidences Patel's intent, and the Probation Department concluded that Patel was the "Mastermind" behind the events that led to his conviction. *Id.* at 32. The Court accepted this evidence, in addition to the Pre-Sentencing Report (*id.* at 2), and relied on it in fashioning Patel's sentence.

Considering all the evidence that was presented to the Court at the time of sentencing, and before judgment on the plea was entered, there was a sufficient factual basis to support Patel's guilty plea.

This claim fails.

B. Ineffective Assistance of Counsel

The Government argues that Patel fails to overcome the procedural requirement for habeas relief [Doc 106, Pg 1]. Specifically, the Government says that Patel does not show "cause and prejudice" for failing to raise the claims in district court or on direct appeal. However, this requirement is contrary to Sixth Circuit law, which states:

> "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. Such claims are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision."

*United States v. Williams*, 612 F.3d 500, 508–09 (6th Cir. 2010) (internal citations and quotations omitted). As Patel correctly states, his claim of ineffective assistance of counsel is exempt from this "cause and prejudice" requirement; the Court can now consider it.

i. Legal Standard

To show that he was denied the effective assistance of counsel by federal constitutional standards, Patel must satisfy a two prong test. First, he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, Patel must overcome a strong presumption that his counsel's behavior was within the wide range of reasonable professional assistance. *Id.* In other words, Patel must overcome

the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, Patel must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

### ii. Intent Requirement of Petitioner's Offenses

In his Brief in Support of Post-Conviction Relief [Doc. 96] Patel claims that it can be inferred that his defense counsel failed to conduct an investigation into the elements of the charged offenses, failed to advise him that the conduct to which he admitted did not constitute criminal offenses, misled him into believing that he did not have a viable defense, and failed to notice that the Government misstated the elements of the offenses in the Agreement [Doc. 96, Pg 6-7]. These actions, according to Patel, misled him into believing that one could commit his charged offenses through "mere negligence." *Id.* Patel also claims that at an evidentiary hearing, he would testify that defense counsel told him that "negligent supervision" was sufficient for his criminal conviction. [Doc. 108, Pg 1].

Even if Patel did testify to all of this, he could not satisfy the second prong of the *Strickland* test; the results of the plea and sentencing hearings would not have been different had defense counsel advised Patel differently. Contrary to Patel's claims, what he admitted to in the Agreement and in his Colloquy satisfies the intent requirement for his offenses.

18 U.S.C. § 842(a) requires that the offense be committed "knowingly," and 18 U.S.C. § 1347 requires that the offenses be committed "knowingly" and "willfully." The Sixth Circuit is clear that actual knowledge is not necessary to satisfy the required intent. Instead, "deliberate ignorance" or "deliberate indifference" can constitute knowledge. See Pattern Crim. Jury Instr. 6th Cir. 2.09 (2013 ed.) ("No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that …, then you may find that he [had knowledge]").

This jury instruction has been used in courts throughout the Sixth Circuit in trials involving the same offenses for which Patel was convicted. For example, courts have held that for violations of Section 842, and other provisions of the Controlled Substances Act ("CSA"), the requisite intent can be established through "deliberate ignorance" or "deliberate indifference." See *United States v. Seelig*, 622 F.2d 207, 213 (6th Cir. 1980) ("The deliberate ignorance [jury] instruction has also been approved for violations of the Controlled Substances Act."); *United States v. Reeves*, 2014 U.S. Dist. LEXIS 178695 *27; (N.D. Ohio Dec. 30, 2014) ("The record contains sufficient evidence to warrant the deliberate indifference [jury] instruction" in a criminal case where defendant was convicted of distributing Oxycodone in violation of 21 USC § 846 and health care fraud in violation of 18 USC § 1347).

The intent requirement for Section 1347, health care fraud, can also be satisfied through deliberate indifference. See *United States v. Mahmud*, 541 F. App'x 630, 635 (6th Cir. 2013) ("The jury could have found alternatively that the intent element of the charged crimes was satisfied if it concluded that [the defendant] was deliberately

8

ignorant of his involvement in the fraud") (unpublished); *United States v. Delgado*, 668 F.3d 219, 225-226, (5th Cir. 2012) (finding that the defendant, through her capacity as owner of medical provider and a self-proclaimed expert in medical billing, should have known that services she was billing for were fraudulent).

Patel admitted that in his capacity as owner of Southfield Medical Pharmacy, he acted with "indifference to his obligation under the CSA." [Doc. 53, Pg 2]. Patel also admitted that he "should have known" that pharmacists working for him were dispensing AI Topical Creme without a valid prescription, and that he "allowed Southfield Medical Pharmacy to bill and receive reimbursement for these prescription medications from health care benefit programs." [Doc. 73, Pg 13-15]. If this case had gone to trial, the jury would have received the same "deliberate ignorance" instruction discussed above. Patel's admissions satisfy the intent requirement of his convictions.

Patel is correct that convictions under Section 842(a) and Section 1347 cannot rest on "mere" negligence. [Doc. 96, Pg 16, 23]. See Pattern Crim. Jury Instr. 6th Cir. 2.09 (2013 ed.) ("Carelessness, or negligence, or foolishness on [the defendant's] part is not the same as knowledge, and is not enough to convict"). But, Patel ignores Sixth Circuit cases, like those mentioned above, in which convictions were upheld for defendants who acted in the same manner Patel admitted to: with indifference.

This record establishes more than mere negligence. Patel's admissions in his Agreement and Colloquy, as well as evidence presented at the sentencing hearing, show that Patel acted at least with deliberate indifference. These facts support a finding that Patel acted with the requisite intent.

9

Since Patel is mistaken as to the consequences of his admissions, his alleged advice from defense counsel did not and could not have resulted in a different outcome at the plea and sentencing hearings. *Strickland,* 466 U.S. at 694.

Patel's claim of ineffective assistance of counsel fails.

IV. Conclusion

Patel has not shown "the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on [his] guilty plea …" *Humphress* 398 F.3d. at 858. The Court denies his petition for a writ of habeas corpus. Patel's Second Emergency Motion for Bail Pending Decision on 28 U.S.C. § 2255 Petition (Doc. 116) is moot.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 5, 2017