UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,　　　　　　　　　　　　　　　　　　Case No: 13-20481
vs　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Victoria A. Roberts

DEVENKUMAR C. PATEL,
a/k/a DEVEN PATEL,

    Defendant.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

On October 5, 2017, this Court issued an order denying Devenkumar C. Patel's ("Patel") motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (Doc. # 119). Patel filed a Notice of Appeal (Doc. # 120). The United States Court of Appeals for the Sixth Circuit remanded the appeal to this Court for the sole purpose of determining whether to grant or deny a certificate of appealability.

For the reasons stated below, that certificate of appealability is **DENIED**

### I.     LEGAL STANDARD

Patel may not proceed on appeal unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. Proc. 22(b). Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition or motion to vacate sentence

1

"should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citations and quotations omitted). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

## II.  ANALYSIS

After entering a guilty plea, Patel was convicted and sentenced on one count of unlawful distribution of a controlled substance, 18 U.S.C. § 842(a), and one count of health care fraud, 18 U.S.C. § 1347. In his motion to vacate, Patel argued: (1) his plea was defective because there was no factual basis at the time his plea was taken; and (2) he was denied effective assistance of counsel because his lawyers gave him erroneous advice that he could commit his charged offenses through mere negligence, leading him to plead guilty to conduct which was not criminal.

### A. Factual Basis for the Guilty Plea

Patel claimed that there was an insufficient factual basis to support his guilty plea. He argued that the Court must consider the record at the time the plea was taken when determining the factual basis for a plea. In its order denying Patel's § 2255 motion, the Court noted that the law of the Sixth Circuit clearly states that "[a] sufficient factual basis for [Petitioner's] guilty plea, therefore, must have been present by the time of his sentencing, when judgment was entered, and not, as [Petitioner] contends, at his guilty plea hearing." *United States v. Bennett*, 291 F.3d 888, 894 (6th Cir. 2002). The

2

law also states that "when assessing whether a district court determined correctly that there was a factual basis for the plea, pursuant to Rule 11(b)(3), [the] Court may examine the entire record, including proceedings that occurred *after* the plea colloquy." *United States v. McCreary-Redd*, 475 F.3d 718, 722 n.1 (6th Cir. 2007) (internal quotations and citations omitted). In viewing the record as a whole, the Court found that Patel had made out a sufficient factual basis for the crimes that he pleaded guilty to, and denied this claim.

Because the record reflects that Patel made out an adequate factual basis when he pled guilty, he is not entitled to a certificate of appealability on this claim. *See Sanford v. Burgess*, 2011 U.S. Dist. LEXIS 145624, *16-18 (W. D. Mo. Dec. 19, 2011) (where the court denied a certificate of appealability where the record as a whole refuted the petitioner's claim that there was no factual basis for his guilty plea).

### B. Ineffective Assistance of Counsel

Patel argued that he was deprived of the effective assistance of counsel. Specifically, he claimed that his counsel's ineffectiveness led him to believe that he could commit unlawful distribution of a controlled substance and health care fraud through negligence. However, as the Court noted, the intent requirement for these crimes can be satisfied through deliberate indifference. *See United States v. Seelig*, 622 F.2d 207, 213 (6th Cir. 1980) ("The deliberate ignorance [jury] instruction has also been approved for violations of the Controlled Substances Act."); *see United States v. Reeves*, 2014 U.S. Dist. LEXIS 178695 *27; (N.D. Ohio Dec. 30, 2014) ("The record contains sufficient evidence to warrant the deliberate indifference [jury] instruction" in a

3

criminal case where defendant was convicted of unlawfully distributing Oxycodone and health care fraud).

Patel admitted to acting deliberately indifferent to his legal obligations as a pharmacy owner, satisfying the intent requirement for his charged crimes. Because Patel was mistaken on the intent requirement of his crimes, and the consequences of his admissions, his alleged advice from defense counsel did not and could not have resulted in a different outcome, as required by *Strickland v. Washington,* 466 U.S. 668, 694 (1984).

A court may not issue a certificate of appealability unless "the [petitioner] has made a substantial showing of the denial of a constitutional right." *Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002) (internal citations and quotations omitted). To establish this, "the mere allegation of a constitutional wrong, such as deprivations of the right to effective counsel, is insufficient; the petitioner must make a substantial showing of such an error in order to present an appeal." *United States v. Smith,* 235 F. Supp. 2d 418, 432 (E.D. Pa. 2002). For the reasons stated by the Court in the order denying the § 2255 motion, the Court denies Patel a certificate of appealability; he fails to make a substantial showing that he was deprived of the effective assistance of counsel.

### III.  CONCLUSION

Patel's § 2255 arguments are based on incorrect interpretations of the law. The issues presented in his § 2255 motion are not debatable amongst jurists of reason. Courts would not resolve these issues differently, and the questions presented do not

4

deserve encouragement to proceed further. *See Carter v. United States,* 160 F. Supp. 2d 805, 816 (E.D. Mich. 2001).

The Court **DENIES** Patel's Certificate of Appealability.

**IT IS ORDERED**.

                                          S/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: January 26, 2018